**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**Civil Action No. 05-192-HRW**

**GLEN D. GRAY**,                                                                **PLAINTIFF,**

**v.**                      **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                      **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  disability insurance benefits and supplemental security income benefits on July 21, 2003, alleging disability beginning on March 16, 2001, due to injuries suffered in a work-related accident (Tr. 13).  This application  was denied initially and on reconsideration.  On

December 15, 2004, an administrative hearing was conducted by Administrative

Law Judge James S. Quinlivan (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified (Tr. 278-300).  At the hearing, Gina Baldwin, a

vocational expert (hereinafter "VE"), also testified (Tr. 301-313).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 22, 2005, the ALJ issued his decision finding that Plaintiff was not

2

disabled (Tr. 12-21).  Plaintiff was 44 years old at the time of the hearing decision
(Tr. 13).  He has a high school education (Tr. 13).  His past relevant work
experience consists of work as a coal mine laborer (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not
engaged in substantial gainful activity since  the alleged onset date of disability
(Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative
disc pathology of the cervical spine with neck and shoulder pain, degenerative disc
disease in the lumbar spine and shortness of breath (due to smoking), which he
found to be "severe" within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or
medically equal any of the listed impairments (Tr. 20).  In doing so, the ALJ
specifically considered listings 1.00, 3.00 and 12.08 (Tr. 15).

The ALJ further found that Plaintiff could not return to his past relevant
work (Tr. 20) but determined that he  has the  residual functional capacity ("RFC")
to perform a significant range of light work (Tr. 20). The ALJ, relying upon
testimony of the VE, concluded that these jobs exist in significant numbers in the
national and regional economies, as identified by the VE (Tr. 20-21).  Accordingly,
the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation

process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 6] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ did not afford proper weight to the opinion of his treating physician, Dr. Bal K. Bansal.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

As the ALJ noted, Dr. Bansal's opinion of disabling impairment is inconsistent with the modest treatment regimen and mild clinical findings reflected in the record. Further, Dr. Bansal's own treatment notes belie such extreme limitation in function. Moreover, Plaintiff reported improvement in his symptoms to Dr. Bansal in both July and October 2004. Given the lack of supporting clinical data in the record, and the inconsistency with his own treatment notes, the

5

Court finds that the ALJ did not err in discounting Dr. Bansal's opinion of disabling impairment.

As for Dr. Bansal's statement that Plaintff "is totally disabled to be employed into any sustained gainful employment" (Tr. 274), the ALJ was correct in disregarding this conclusory remark.  It is within the province of the ALJ to make the legal determination of disability.  The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work.   *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Plaintiff also argues that the ALJ failed to properly consider the combination of Plaintiff's impairments.  A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation.   The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 15).   Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human*

6

*Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings."   *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990).  The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 9, 2007.



Signed By:

*Henry R Wilhoit Jr.*

United States District Judge